## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**PHIEU NGO**                                             **CIVIL ACTION**

**VERSUS**                                               **NO. 17-4464-WBV-JVM**

**BP EXPLORATION &**                        **SECTION: D (1)**
**PRODUCTION, INC., ET AL.**

### <u>AMENDED ORDER and REASONS</u>

Before the Court is BP's Motion for Summary Judgment, filed by defendants, BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. (collectively, "BP").[1]  Defendants, Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc., have also joined in the Motion.[2]  The Motion was noticed for submission on May 17, 2022.  Pursuant to Local Rule 7.5, any response was due by May 9, 2022.  As of the date of this Order, no opposition has been filed.  Additionally, plaintiff, Phieu Ngo, has not moved for an extension of the submission date or his deadline to file an opposition brief.  Thus, the Motion is unopposed.

After careful review of the Motion, the record, and the applicable law, the Motion is **GRANTED** and Phieu Ngo's claims against BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c., Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc. are **DISMISSED WITH PREJUDICE.**

---

[1] R. Doc. 40.
[2] *Id*. at p. 1, n.1.  *See,* R. Doc. 40-1 at p. 1, n.1.

## I.      FACTUAL BACKGROUND

This case arises from Phieu Ngo's alleged exposure to harmful chemicals following the Deepwater Horizon oil spill that occurred on April 20, 2010.  On January 11, 2013, United States District Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA").[3]  The MSA includes a Back-End Litigation Option ("BELO") that permits certain class members, such as clean-up workers who follow procedures outlined in the MSA, to sue BP for Later-Manifested Physical Conditions ("LMPC's").[4]  The MSA defines a LMPC as a:

> physical condition that is first diagnosed in a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER after April 16, 2012, and which is claimed to have resulted from ... exposure to oil, other hydrocarbons, or other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES, where such exposure occurred on or prior to … April 16, 2012 for CLEAN-UP WORKERS.[5]

After opting out of the MSA, Ngo filed an individual Complaint on May 1, 2017 against BP, Transocean Holdings LLC, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., and Halliburton Energy Services, Inc. (collectively, "Defendants").[6]  Ngo alleges that after the Deepwater Horizon oil spill, he was injured as a result of exposure to oil and/or dispersing chemicals and/or decontaminants by

---

[3] *See, Brown v. BP Expl. & Prod. Inc.*, Civ. A. No. 18-9927, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019) (citation omitted) (Africk, J.).

[4] *Id*.

[5] *Id*.

[6] R. Doc. 1 at ¶¶ 1-8.  *See*, R. Doc. 1-1 at p. 2.

virtue of his residential and work environment, and further asserts that he is a commercial fisherman, shrimper, and oysterman.[7]   Ngo also alleges "Medical monitoring, personal injury, or wrongful death arising from alleged exposure to crude oil or dispersants," and that he was continuously exposed in and around his residence in Morgan City, Louisiana "and Gulf Waters."[8]   Ngo alleges that his symptoms include coughing, fever, chills, runny nose, weakness, chest pain, and headaches.[9] Ngo further alleges that he suffered personal injury damages, including past and future medical expenses and pain and suffering, as a result of the defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction, or operation regulations and/or statutes.[10]

Ngo also "adopts and incorporates by reference all matters originally pled" in the Complaint filed in Civ. A. No. 13-4756, *Yen Do, et al. v. BP Exploration & Production Inc., et al.*, wherein Ngo and several other plaintiffs alleged that they have experienced headaches, nausea, vomiting, respiratory problems, and eye irritation as a result of exposure to crude oil, dispersants, and other harmful chemicals in the environment resulting from the Deepwater Horizon oil spill.[11]   Ngo also alleged in the *Do* matter that his exposure to the oil, dispersants, and/or other hazardous chemicals

---

[7] R. Doc. 1 at ¶ 1 (adopting allegations in R. Doc. 1 in *Yen Do, et al. v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 13-4756-CJB-JCW (E.D. La.) (the "*Do*" matter) and adopting the allegations in Phieu Ngo's Direct Filing Short Form in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" SHORT-FORM JOINDERS*, Civ. A. No. 10-8888-CJB-JCW (E.D. La.) (the "*BP Litigation*"). *See*, R. Doc. 1 at ¶ 8 in the *Do* matter; R. Doc. 7621 in the *BP Litigation*.
[8] R. Doc. 1-1 at p. 5.
[9] *Id.*
[10] R. Doc. 1 at ¶ 21.
[11] R. Doc. 1 at ¶ 1; *See*,  R. Doc. 1 at ¶ 35 in the *Do* matter.

used for or resulting from the oil spill may lead to serious health problems, diseases, and medical conditions that may be prevented by timely diagnosis and treatment, and that he has developed a significantly increased risk of contracting a serious latent disease.[12]

Defendants filed the instant Motion on May 2, 2022, asserting that they are entitled to summary judgment because Ngo has not produced an expert report or any expert testimony in support of his health complaints and, thus, cannot prove that his alleged medical conditions were caused by his exposure to substances related to the Deepwater Horizon oil spill.[13]   Defendants claim that the Fifth Circuit and at least eleven Sections of this Court have issued numerous opinions addressing the obligation of a BELO plaintiff to prove legal causation.[14]   According to Defendants, this requirement derives from the fundamental principles governing proof of causation in toxic tort cases decided under general maritime law.[15]   Defendants claim that B3 plaintiffs like Ngo, who were originally part of the multidistrict litigation stemming from the Deepwater Horizon oil spill, must satisfy the same legal cause standard as BELO plaintiffs.[16]   Defendants further assert that due to the technical nature of the proof, courts have uniformly concluded that toxic tort plaintiffs need expert testimony to meet their burden of proving causation.[17]   Defendants claim that courts have repeatedly granted summary judgment dismissing claims of plaintiffs

---

[12] R. Doc. 1 at ¶¶ 64-67 in the *Do* matter.
[13] R. Doc. 40; R. Doc. 40-1 at pp. 1 & 3.
[14] R. Doc. 40-1 at p. 4 (citing authority).
[15] *Id.* (citations omitted).
[16] *Id.* at pp. 2 & 4.
[17] *Id.* at p. 5 (citing *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194 (5th Cir. 1996)).

who alleged injuries from exposure to the Deepwater Horizon oil spill, but failed to produce expert support for their claims.[18]  Defendants argue that, for these reasons, Ngo's claims lack the expert support required to carry his burden of proof on causation.  As such, Defendants assert that the Court should grant their Motion and dismiss Ngo's claims with prejudice.

As previously mentioned, Ngo did not file a response to the Motion.[19]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 instructs that summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[20]  No dispute of material fact exists if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party.[21]  When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[22]  While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[23]  The mere argued existence of a factual

---

[18] R. Doc. 40-1 at p. 5 (citations omitted).

[19] The Court notes that Ngo also failed to comply with the Scheduling Order by failing to file a witness list by the May 6, 2022 deadline, or request any extension to do so.  *See,* R. Doc. 31 at p. 2.

[20] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).

[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

[22] *Delta & Pine Land Co.*, 530 F.3d at 398-99 (citations omitted).

[23] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

dispute does not defeat an otherwise property supported motion.[24]  The non-moving party must do more than simply deny the allegations raised by the moving party, and must tender depositions, affidavits, and other competent evidence to buttress his claim.[25]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[26]  The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[27]  If, however, the non-moving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim.[28]  The burden then shifts to the non-moving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[29]

---

[24] *Anderson*, 477 U.S. at 248, 106 S.Ct. 2510.

[25] *See, Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)).

[26] *Int'l Shortstop, Inc.*, 939 F.2d at 1264-65.

[27] *Id*. at 1265.

[28] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

[29] *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (*quoting* Fed. R. Civ. P. 56(e)).

## III.    ANALYSIS

As Defendants correctly point out,[30] Judge Barbier previously described the

BELO and B3 cases in similar terms, explaining that:

> BELO cases and the B3 cases are similar in several important respects.
> Both allege personal injuries or wrongful death due to exposure to oil or
> other chemicals used during the oil spill response.  Furthermore, both
> BELO plaintiffs and B3 plaintiffs must prove that the legal cause of the
> claimed injury or illness is exposure to oil or other chemicals used during
> the response.[31]

In a separate matter, this Court recently explained that the Fifth Circuit and at least

nine Sections of this Court have uniformly held that, with regard to BELO plaintiffs,

"[a]bsent expert testimony, [a BELO plaintiff] cannot meet his burden of proof on

causation."[32]  The Court finds that because Ngo failed to identify a causation expert

in this case by the Court's April 6, 2022 deadline[33] and did not move for an extension

of that deadline, or for an extension of his deadline to respond to the instant Motion,

he cannot meet his burden of proof on causation.   Accordingly, Defendants are

entitled to summary judgment as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that BP's Motion for

Summary Judgment[34] is **GRANTED,** and Phieu Ngo's claims against BP Exploration

---

[30] *See*, R. Doc. 40-1 at p. 2.

[31] *See*, R. Doc. 26924 at p. 4 in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179-CJB-DPC (E.D. La.).

[32] *Dixon v. BP Expl. & Prod., Inc.*, Civ. A. No. 20-3272-WBV-JVM, 2022 WL 124026, at *3 (E.D. La. Jan. 13, 2022) (Vitter, J.) (*quoting* R. Doc. 35 in *Bucano v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 19-13185 (E.D. La. Aug. 4, 2021)); *See, McGill v. BP Expl. & Prod. Inc.,* Case No. 19-60849, 830 Fed.Appx. 430 (5th Cir. 2020).

[33] R. Doc. 31.

[34] R. Doc. 40.

& Production, Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc. are **DISMISSED WITH PREJUDICE.**

New Orleans Louisiana, May 31, 2022.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**